IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
------------------------------------------------     :
                                                      : CASE NO. 1:13cv2479
R.C. CRUM,                                            :
                                                      :
                                        Plaintiff     : MEMORANDUM AND ORDER
                                                      : ACCEPTING THE MAGISTRATE
                        -vs-                          : JUDGE'S RECOMMENDATION AND
                                                      : AFFIRMING THE COMMISSIONER'S
                                                      : DECISION
COMMISSIONER OF SOCIAL                                :
SECURITY,                                             :
                                                      :
                                        Defendant.
------------------------------------------------
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

     The plaintiff R.C. Crum challenges the Commissioner of Social Security's

decision denying him Child's Insurance Benefits ("CIB") and Supplemental Security

Income ("SSI"). Pursuant to Local Rule 72.2(b)(1) this matter was automatically referred

to United States Magistrate Judge James R. Knepp II for report and recommendation

(R&R). On 10 December 2014, the Magistrate Judge issued an R&R recommending

that the Commissioner's decision be affirmed. Mr. Crum now objects. For the reasons

that follow, the objections are overruled, the recommendation is accepted, and the

Commissioner's decision is affirmed.

**I.**

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir.1991). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995).

**II.**

In reviewing the denial of Social Security benefits, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Besaw v. Sec'y of Health & Human Servs., 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." McClanahan v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, the Court

2

cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 477 (6th Cir. 2003).

### III.

During administrative proceedings, Mr. Crum sought benefits on the ground that he met Listing 12.05(C) – intellectual disability.  To demonstrate intellectual disability, a claimant must satisfy four elements: (1) subaverage general intellectual functioning, (2) deficits in adaptive functioning, (3) initial manifestation of such deficits before age 22, and (4) one of the four criteria set forth in Listing 12.05 (A, B, C, or D). Hayes v. Comm'r of Soc. Sec., 357 F. App'x 672, 675 (6th Cir. 2009). The applicable criterion in this instance requires that the claimant have "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, § 12.05.

In the present case, there is evidence showing that the plaintiff had a full scale IQ score of 70 in 2009, and a verbal IQ score of 69 in 2008. The ALJ concluded, without explanation, that these scores were invalid. The Magistrate Judge determined that the ALJ erred in this respect, because she failed to explain why she discounted these potentially qualifying scores. However, the Magistrate Judge determined that the error was harmless, because substantial evidence supported the ALJ's decision that the plaintiff otherwise failed to establish an intellectual disability. The plaintiff now objects, taking issue with the ALJ's determinations as to the plaintiff's intellectual and adaptive functioning. The Court addresses each of these in turn.

3

*Intellectual functioning*

The Magistrate Judge first concluded that substantial evidence supports the ALJ's decision that the plaintiff did not suffer from subaverage intellectual functioning. While acknowledging that the plaintiff's school records show a history of receiving special education services, the Magistrate Judge indicated that

> . . . Plaintiff's school records show he accepted supervisory authority and cooperated with others. (Tr. 25, 261). Plaintiff had the ability to follow verbal, written, multi-step directions with the ability to plan and organize and his gross and fine motor skills were normal. (Tr. 25-26, 260-61). Plaintiff was able to work independently and complete classroom work. (Tr. 26, 260-61). As further described below, the ALJ also looked to the record which demonstrated Plaintiff was capable of a range of daily activities and had less than marked deficits in abilities to function socially and maintain concentration, persistence, and pace. (Tr. 23).

(Report and Recommendation, p. 13). On these grounds, the Magistrate Judge concluded that substantial evidence supports the ALJ's decision with regard to the plaintiff's intellectual functioning.

The plaintiff objects on the ground that the Magistrate Judge "completely overlooked" evidence showing "significant subaverage intellectual functioning." In particular, the plaintiff cites evidence showing that Mr. Crum was receiving special education services, that his IQ scores were low, and that Mr. Crum's school had placed him in a disability category of "mental retardation."

When reviewing a decision to deny benefits, this Court considers whether substantial evidence supports the Commissioner's decision. As noted <u>supra</u>, Section II, even if substantial evidence or even a preponderance of the evidence supports the contrary position, the Court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." <u>Jones</u>, 336 F.3d at 477. In this instance,

4

the Magistrate Judge concluded that substantial evidence supported the ALJ's decision

regarding the plaintiff's intellectual functioning. As just described, there is evidence that

the plaintiff "accepted supervisory authority"; "cooperated with others"; "follow[ed]

verbal, written, multi-step directions"; and was able "to plan and organize," "work

independently," and "complete classroom work," among other things. The plaintiff does

not challenge the Magistrate Judge's conclusion that this evidence supports the ALJ's

decision. Thus, even though the plaintiff cites evidence to support a position contrary to

that of the ALJ, he does not provide a meaningful basis for reversing the ALJ's

conclusion. This Court may not re-weigh the evidence of record. Monsour Med. Ctr. v.

Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). Therefore, the plaintiff's objection is

overruled.

*Adaptive functioning*

The Magistrate Judge also determined that substantial evidence supported the

ALJ's decision that the plaintiff was not limited with respect to his adaptive skills. The

adaptive skills element evaluates social skills, communication skills, and daily living

skills. Hayes, 357 F. App'x at 677. The Magistrate Judge noted the following evidence

that supported the ALJ's decision:

> . . . Plaintiff was able to complete numerous daily activities, including maintain a
> driver's license, drive, shop independently, wash dishes, do laundry, visit with
> and occasionally supervise his four young children, clean his room, rake leaves,
> microwave food, take out the trash, play cards, sing in a men's choir, and talk on
> the phone every day. (Tr. 26, 47-50, 308-10, 505-06). Moreover, Plaintiff testified
> he thought he could live on his own if necessary, was able to ride public
> transportation without getting lost unless he had to transfer to another bus line,
> and said he could read some parts of the newspaper and perform simple
> mathematical calculations. (Tr. 25, 55-56, 62).

(Report and Recommendation, p. 14). In the Magistrate Judge's view, this evidence was

5

adequate to support the ALJ's decision.

The plaintiff objects but fails to specifically challenge the conclusion that the evidence adequately supported the ALJ's decision. Instead, the plaintiff cites evidence to support a conclusion contrary to that of the ALJ. As already stated, the Court may not re-weigh the evidence. Therefore, this objection is overruled.

*RFC determination*

A claimant's residual functional capacity is an assessment of "the most [he] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545; 416.945(a)(1). In this instance, the ALJ concluded that the plaintiff had the residual functional capacity to perform a full range of work with certain nonexertional limitations. (Tr. 25). The Magistrate Judge determined that this conclusion was supported by substantial evidence. (See Report and Recommendation, pp. 16-17). The plaintiff objects and argues that the Administrative Law Judge erred by failing to consider the opinion of consultative examiner, Dr. Leach, who opined that Mr. Crum would need supervision and structure to complete job duties accurately. (Tr. 506).

The Court disagrees. The responsibility for determining a claimant's residual functional capacity rests with the Administrative Law Judge, not a physician. See 20 C.F.R. §§ 404.1546(c), 416.946(c). Although the Administrative Law Judge may not substitute his opinion for that of a physician, he is not required to recite the medical opinion of a physician verbatim in his residual functional capacity finding. See 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

Furthermore, insofar as the Administrative Law Judge may have erred by failing to address Dr. Leach's opinion, such an error was harmless. After his consultative

6

examination of the plaintiff on January 19, 2011, Dr. Leach opined that Plaintiff "would require supervision and structure to complete job duties accurately." (Tr. 506). During the administrative hearing, the Vocational Expert ("VE") considered a hypothetical worker requiring supervision and structure, and testified that "[a]ll jobs have some level of supervision and some level of structure." (Tr. 70). As such, the limitation described by Dr. Leach was considered by the ALJ. See Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 536 (6th Cir. 2001) (failure to explicitly address physician's report was harmless error where VE considered limitations described in the report). The plaintiff's objection is accordingly overruled.

## IV.

For the reasons stated above, the Magistrate Judge's recommendations are accepted, and the Commissioner's decision is affirmed.


IT IS SO ORDERED.

    /s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date:  20 January 2015